This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38875**

**JEROME ROMERO,**

Worker-Appellant,

v.

**LOS ALAMOS NATIONAL LABS,**

Employer/Self-Insured-Appellee.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Hearing Officer**

Dorato & Weems, LLC
Derek L. Weems
Albuquerque, NM

for Appellant

Elmore Law, LLC
Christopher T. Elmore
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Worker appeals an order that he undergo an independent medical examination (IME) in this workers' compensation case. The order at issue recites that it is intended to address "potential future issues" and that the exam itself is "limited to questions about a future treatment plan." [RP 168-69] This Court issued a calendar notice proposing to reverse based upon the absence of statutory authority to order an IME without any present dispute between the parties. *See* NMSA 1978, § 52-1-51(A) (2013) (authorizing an IME "[i]n the event of a dispute between the parties"). Employer has filed a memorandum in opposition to that disposition. Having duly considered that

memorandum, we remain unpersuaded. Worker has also filed a memorandum in response to our proposed disposition that invites this Court to issue a published opinion addressing whether the workers' compensation judge exceeded the available statutory authority by attempting to "adjudicate future medical benefits." [MIS 5] Having resolved the question presented by this appeal, however, we decline Worker's invitation to address issues "unnecessary to the decision in the case." *Obiter dictum*, *Black's Law Dictionary* (11th ed. 2019).

**{2}**    In its memorandum, Employer argues that there is a dispute between the parties by referring to its own application for an IME, which asserted that it "disputes whether epidural steroid injections and additional treatment recommendations are related to the prior work accident." [RP 157] We note that the order on appeal explicitly recites that "[c]ausation is not at issue in this matter and should not be addressed" in the IME. [RP 169] Thus, it appears that even if there were a dispute regarding whether any existing or future treatment recommendations are related to Worker's accident, the IME at issue in this appeal is explicitly not intended to address any such dispute, since it is not to address causation. More importantly, Employer fails to place its abstract disagreement regarding what medical care overall should be anticipated or provided as reasonable and necessary to the prior accident in the context of any presently existing claim in this case. [*See* MIO 2] As our calendar notice pointed out, "the process surrounding an IME 'occurs within the context of a claim' and 'cannot take place' outside that context." [CN 3 quoting *Brashar v. Regents of Univ. of California*, 2014-NMCA-068, ¶ 13, 327 P.3d 1124]

**{3}**    Because the pending issues in this case were resolved by way of an earlier recommended resolution that was accepted by the parties, there was no active claim in the case when Employer filed its application for an IME. [RP 154] In the absence of any pending claim, Employer's academic "dispute" about whether various treatment recommendations are related to Worker's accident are not ripe for resolution in any way, and cannot form the justification for an IME pursuant to Section 52-1-51. *See Brashar*, 2014-NMCA-068, ¶ 13 (noting that "an IME cannot take place unless a claim has been filed").

**{4}**    The order for an independent medical examination is reversed.

**{5}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**